IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ZACHRY HOLDINGS, INC., *et al*[1] | ) ) | |
| Debtor. | ) ) ) ) | Case No. 24-90377 |
| ZACHRY HOLDINGS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. 24-_____ |
| TIMMY BRIGNAC AND SHONDA BRIGNAC, | ) ) ) | |
| Defendants. | ) ) | |

**DEBTORS' ADVERSARY COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Zachry Holdings, Inc. ("**ZHI**") and its debtor affiliates (the "**Debtors**"), the debtors in possession of the above-captioned chapter 11 cases, bring this complaint (the "**Complaint**") seeking (a) a declaration that the automatic stay under § 362 of title 11 of the United States Code (the "**Bankruptcy Code**") applies and extends to prohibit the continued prosecution of *Brignac v. 3M Company, Shell Catalysts & Technologies LP; Cat Tech, LLC; Turner Industries Group, LLC; Brock Services, LLC; Anco Insulations, Inc.*, 127-046 (La. 10/15/2019) ("***Brignac***") against the Debtors' non-debtor affiliate, JVIC Catalyst Services, LLC (the "**Non-Debtor Defendant**" or

---

[1] The last four digits of Zachry Holdings, Inc.'s tax identification number are 6814. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.veritaglobal.net/ZHI. The location of the Debtors' service address in these chapter 11 cases is: P.O. Box 240130, San Antonio, Texas 78224

"**JVIC Catalyst**"), and, additionally or in the alternative, (b) granting a temporary restraining order and preliminary injunctive relief pursuant to Bankruptcy Code § 105 halting the continued prosecution of or expansion of *Brignac* against JVIC Catalyst during the pendency of the Debtors' chapter 11 cases, and respectfully state as follows:

## NATURE OF THE REQUESTED RELIEF

1.      The Debtors have commenced this adversary proceeding pursuant to Rules 7001(7), 7001(9), and 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and of Bankruptcy Code §§ 105(a) and 362(a) seeking declaratory and injunctive relief. To realize the intended benefit of the Bankruptcy Code § 362 stay and enable the Debtors to pursue their reorganization objectives for the chapter 11 cases, the Debtors need and therefore seek additional relief.

2.      The Debtors first seek an order declaring that the automatic stay applies and extends to prohibit the continued prosecution of *Brignac* against JVIC Catalyst during the pendency of these chapter 11 cases. The Debtors further seek an injunction pursuant to Bankruptcy Code § 105 enjoining the continued prosecution of or expansion of *Brignac* against JVIC Catalyst during the pendency of these chapter 11 cases. Finally, the Debtors seek a temporary restraining order on an emergency basis enjoining the continued prosecution of or expansion of Brignac against JVIC Catalyst during the pendency of these chapter 11 cases.

3.      The requested relief is necessary for the Debtors to receive the benefits afforded by chapter 11. Non-Debtor Defendant, JVIC Catalyst, is a non-operational subsidiary of the Debtors that sold substantially all of its assets in 2021, and Debtor ZHI is an indirect owner of JVIC Catalyst and responsible for payment and satisfaction of potential liability and damages related to *Brignac*. Accordingly, continued progress in *Brignac* will directly impact property of the estates

2

and impede the Debtors' chapter 11 efforts and obligations.  Like other litigation in which the Debtors are named parties, the Debtors need the breathing spell provided by the automatic stay applied to *Brignac* to allow them to focus on critical aspects of their chapter 11 cases and preserve estate property for all stakeholders.

4. Contemporaneous with the filing of this Complaint, the Debtors filed an *Emergency Motion For An Order (a) Declaring That the Automatic Stay Extends to Apply to Affiliated Non-Debtor Defendant in Brignac v. 3M Company, Shell Catalysts & Technologies LP; Cat Tech, LLC; Turner Industries Group, LLC; Brock Services, LLC; Anco Insulations, Inc., 127-046 (La. 10/15/2019) and, Additionally or In the Alternative, (b) Granting Preliminary Injunctive Relief and a Temporary Restraining Order Enjoining the Continued Prosecution of or Expansion of Same* (the "**Motion**"), which requests the relief sought herein on an expedited timeframe, as well as the *Declaration of Jeffrie Lewis in Support of the Stay Extension Motion* (the "**Lewis Declaration**") and the *Declaration of Anthony Barraza in Support of the Stay Extension Motion* (the "**Barraza Declaration**").

## BASIS FOR RELIEF

5. The statutory bases for the relief requested herein are Bankruptcy Code §§ 362(a) and 105(a) and section 2201(a) of title 28 of the United States Code.

6. The Debtors have commenced this adversary proceeding pursuant to Bankruptcy Rules 7001(7), 7001(9), and 7065.

7. The Debtors have made no prior request for the relief requested herein to this or any other court.

3

## JURISDICTION AND VENUE

8. This adversary proceeding arises in and relates to the Debtors' cases pending before this Court under chapter 11 of the Bankruptcy Code.

9. This Court has subject matter jurisdiction over this adversary proceeding and this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Pursuant to Bankruptcy Rule 7008, the Debtors consent to the entry of final orders or a final judgment by this Court in this adversary proceeding.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The bases for the relief requested herein are Bankruptcy Code §§ 105 and 362, Federal Rules of Civil Procedure, Rule 65 (as applicable under Federal Rules of Bankruptcy Procedure, Rule 7065), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## THE PARTIES

12. ZHI is a company organized under the laws of the state of Delaware. ZHI, together with its Debtor affiliates, are providers of engineering, construction, maintenance, turnaround, and fabrication services.

13. Timmy Brignac and Shonda Brignac are the plaintiffs in the *Brignac* matter (the "**Brignac Plaintiffs**"), in which they seek damages related to alleged injuries allegedly incurred during Mr. Brignac's employment at the Geismar Chemical Plant in southern Louisiana (the "**Plant**"). The Brignac Plaintiffs are both residents of the state of Louisiana.

4

**FACTUAL BACKGROUND**

I. **BACKGROUND**

    A. **Overview of Chapter 11 Cases**

14. On May 21, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 4, 2024, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors pursuant to sections 1102(a)(1) and 1102(b)(1) of the Bankruptcy Code (the "**Committee**") [Case No. 24-90377; Docket No. 176]. No trustee or examiner has been appointed in these chapter 11 cases.

15. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to these chapter 11 cases, is set forth in the *Declaration of Mohsin Y. Meghji in Support of Debtors' Petitions and Requests for First Day Relief* in *In Re: Zachry Holdings, Inc., et al.* (Bankr. S.D. Tex. May 21, 2024) [Case No. 24-90377; Docket No. 7].

    B. **Impact of *Brignac* on the Debtors' Resources**

16. The Brignac Plaintiffs seek damages from JVIC Catalyst and co-defendants—Clean Harbors, Inc. and various other Clean Harbors entities (collectively, "**Clean Harbors**")[2] and Brock Services, LLC—related to injuries allegedly incurred during Mr. Brignac's employment at the Geismar Chemical Plant in Gesimar, Louisiana (the "**Plant**"). Mr. Brignac was an employee at the Plant from 1987 until 2019 in the Ethylene Oxide-Ethylene Glycols ("**EO-EG**") department,

---

[2] Although the Brignac Plaintiffs named additional defendants in the *Brignac* matter—(i) 3M Company, (ii) Shell Catalysts & Technologies LP, (iii) Saint-Gobain Norpro Corporation, (iv) Cat Tech, LLC, (v) Cat Tech Inc. (vi) Turner Industries Group, LLC, (iv) Brock Services LLC, and (v) Anco Insulations, Inc.—all defendants other than JVIC Catalyst and Clean Harbors previously settled with the Brignac Plaintiffs.

5

and alleges he participated in most, if not all, turnaround outages of EO-EG units. JVIC Catalyst and other contractors performed turnaround services and catalyst changes at the Plant. The Brignac Plaintiffs allege that the loading, unloading, cleaning, and sandblasting activities involved in these turnaround services and catalyst changes exposed Mr. Brignac to dangerous levels of respirable toxins (including silica from ceramic support balls and dry catalyst components) and caused Mr. Brignac's eventual pneumoconiosis diagnosis. JVIC Catalyst denies any liability related to the Brignac Plaintiffs.

17. JVIC Catalyst is an indirect subsidiary of Debtor ZHI. *See* Lewis Decl., ¶ 4.

18. On November 23, 2021, JVIC Catalyst, and certain other selling entities (the "**Sellers**"), entered into an asset purchase agreement (the "**APA**") to sell substantially all of their assets to certain purchasers (the "**Buyers**"). Barraza Decl., ¶ 3. ZHI was covenantor to that agreement. *Id*. After completion of the sale contemplated in the APA in 2021, JVIC Catalyst ceased all operations. *Id.*, ¶ 4.

19. ZHI, as covenantor, is jointly and severally liable with JVIC Catalyst for certain indemnification obligations (the "**Indemnification Obligations**") to the Buyers pursuant to the APA. ZHI's Indemnification Obligations include the claims asserted in the *Brignac* matter. Specifically, pursuant to Section 8.1(d) of the APA, ZHI, as covenantor, is jointly and severally liable with the Sellers (including JVIC Catalyst) to indemnify, defend, and hold harmless the Buyers (and their affiliates) for certain "Excluded Liabilities," which expressly include the *Brignac* matter.[3] *Id.*, ¶¶ 6-8.

---

[3] Pursuant to Section 1.4 of the APA, Sellers are required to (and ZHI, as Covenantor, shall cause the Sellers to) pay and satisfy certain excluded liabilities ("**Excluded Liabilities**"), including but not limited to "any Liabilities in respect of any pending or threatened Action arising out of, relating to or otherwise in respect of the operation of the Business or the Purchased Assets . . . including the Seller Actions set forth on Schedule 2.9." In turn, Schedule 2.9 of the APA lists legal proceedings and potential claims, including the *Brignac* matter. The *Brignac* matter, therefore, is an Excluded Liability for which ZHI, as covenantor, are required to pay and satisfy.

20. Because JVIC Catalyst sold substantially all of its assets and has had no operations since the close of the APA and because ZHI is jointly and severally liable with JVIC Catalyst for any liability and damages related to the *Brignac* matter, ZHI has borne the full cost of defending the matter and would bear the full cost of any damages awarded in the matter against JVIC Catalyst. In effect, the *Brignac* matter being pursued against a non-operational subsidiary of the Debtors is an action against the Debtors.

21. On June 12, 2024, the Brignac Plaintiffs' counsel informed the Debtors' counsel that the Brignac Plaintiffs are unwilling to stay the matter. Lewis Decl., ¶ 4. On July 11, 2024, the court overseeing the *Brignac* matter informed the Debtors that it would not stay the matter absent an order from the Bankruptcy Court. *Id.*, ¶ 5.

22. Trial in *Brignac* is imminent, with a scheduled start date of August 5, 2024, to be heard in Louisiana State Court (the 23rd Judicial District court for the Parish of Ascension). *Id.*, ¶ 7. The Brignac Plaintiffs have indicated that they intend to seek up to $5 million in damages from JVIC Catalyst and Clean Harbors at trial.

23. If the Brignac matter continues the Debtors will bear the full burden of litigating the trial during the pendency of their chapter 11 proceedings. Court hearings, briefing schedules, coordination of joint defenses, deposition scheduling and preparation, motion practice, and review of discovery and evidence in preparation for the upcoming trial have and, absent an injunction, would continue to require the Debtors to divert valuable resources, and the attention of management and professionals, from focusing on the aim of their chapter 11 cases. Lewis Decl., ¶¶ 8-9.

24. If the *Brignac* matter is not stayed the Debtors will continue to incur litigation costs and would be responsible for damages awarded to the Brignac Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**(Section 362 – Declaratory Judgment)**

25. The Debtors repeat and re-allege Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The Debtors seek an order staying the prosecution of *Brignac* as to JVIC Catalyst until completion of the Debtor's restructuring process, pursuant to sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

27. Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

28. Section 541 of the Bankruptcy Code provides that the filing of a chapter 11 petition "creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

29. The requested relief is appropriate here because, absent an extension of the stay, the Debtors will not enjoy the full benefits and purpose of Bankruptcy Code § 362.

30. The Debtors' breathing room has already been interrupted by *Brignac*. Since the Petition Date only two months ago, court hearings, briefing schedules, coordination of joint defenses, deposition scheduling and preparation, motion practice, and review of discovery and evidence in preparation for the upcoming trial have required the Debtors to expend resources. Lewis Decl., ¶ 8. Moreover, the Debtors' small legal staff, who are focused on advising the Debtors on the chapter 11 cases, are the same employees who must address *Brignac* should it continue. *Brignac* is a distraction from the obligations and issues arising under the Debtors'

8

chapter 11 cases, and the Debtors' resources must be focused on maximizing recoveries for the benefit of all creditors. *Id.*, ¶ 9.

31. If *Brignac* proceeds, it will cause the Debtors to incur significant expenses, in particular because of the upcoming August 5, 2024, trial date. All documents, information, and personnel relevant to JVIC Catalyst's defense in *Brignac* are within the control of the Debtors, meaning the Debtors would necessarily have to devote their resources to *Brignac* at this critical chapter 11 juncture if it is not stayed.

32. The implicated financial obligations cannot be severed as between the Debtors and JVIC Catalyst given their organizational structure and joint and several liability with JVIC Catalyst, which is a non-operational entity that sold substantially all of its assets in 2021.

33. In order to avoid the continuing injuries to the Debtors that will arise if the *Brignac* litigation continues, the Debtors respectfully seek an order declaring that the automatic stay applies and extends to prohibit the continued prosecution of *Brignac* against JVIC Catalyst during the pendency of these chapter 11 cases.

### SECOND CLAIM FOR RELIEF
**(Section 105 – Injunctive Relief)**

34. The Debtors repeat and re-allege Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Debtors seek an order pursuant to section 105(a) of the Bankruptcy Code, in furtherance of section 362 of the Bankruptcy Code, enjoining *Brignac* as against JVIC Catalyst for the pendency of these chapter 11 cases, subject to extension by the Court.

36. Section 105(a) of the Bankruptcy Code authorizes and empowers this Court to issue any orders that will further the purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of the chapter 11 cases, aid in the preservation of the assets of the

Debtors' estates, and aid in the formulation and confirmation of a chapter 11 plan that maximizes recovery to all of the Debtors' creditors.

37. Relief under section 105(a) of the Bankruptcy Code is proper in a chapter 11 case when necessary to protect a debtor's ability to effectively reorganize and to preserve property of the debtor's estate.

38. Injunctive relief is appropriate here because the Debtors plainly satisfy each of the four factors required to obtain it: (a) a substantial likelihood of irreparable injury to the Debtors absent an injunction; (b) a substantial likelihood that the Debtors will succeed on this adversary proceeding on the merits; (c) the balance of the equities favoring the Debtors; and (d) the injunction would serve the public interest.

39. *First*, if *Brignac* is allowed to continue, there is a substantial likelihood of irreparable injury to the Debtors because, in function, the Debtors will be obligated to litigate during the pendency of their chapter 11 proceedings at a time when the Debtors' resources are limited.

40. *Second*, the Debtors have a substantial likelihood of success on the merits of this adversary proceeding because this Court is authorized to grant the requested relief and, moreover, the Debtors will suffer irreparable harm absent a stay extension and injunction.

41. *Third*, the irreparable harm to the Debtors outweighs any risk of harm to the Brignac Plaintiffs. The Debtors will suffer irreparable harm if *Brignac* is not enjoined. The Brignac Plaintiffs, on the other hand, will suffer limited harm from pausing their litigation for a limited period of time while the chapter 11 cases proceed. Any documents or information required by *Brignac* will be preserved during this waiting period, and none of the Brignac Plaintiffs' rights

will be negatively affected in a material way because they will be free to prosecute their claims at a later date. Accordingly, the risk of harm to the Brignac Plaintiffs, if any, is small.

42. **Fourth**, enjoining *Brignac* serves the public interest by facilitating an efficient and expedient resolution to the chapter 11 cases, which is a benefit to all interested parties.

43. Accordingly, the injunctive relief sought by the Debtors in this Complaint is appropriate. The Debtors respectfully request that the Court enjoin the continued prosecution of or expansion of *Brignac* during the pendency of the Debtors' chapter 11 cases.

## PRAYER FOR RELIEF

44. WHEREFORE, the Debtors respectfully demand judgment against the Defendants (the Brignac Plaintiffs) in this adversary proceeding, and requests relief as follows:

    a. entry of a declaratory judgment pursuant to section 362 of the Bankruptcy Code and Bankruptcy Rule 7001(9) that the automatic stay in *Brignac* is extended to JVIC Catalyst during the pendency of the chapter 11 cases;

    b. additionally, or in the alternative, entry of an injunction pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 7001(7) enjoining and prohibiting continuation of *Brignac* against JVIC Catalyst during the pendency of the chapter 11 cases;

    c. all such other relief as the Court may find just and proper.

RESPECTFULLY SUBMITTED this 19th day of July, 2024, in Houston, Texas.

*/s/ Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Bojan Guzina (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
Barrett Lingle (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: bojan.guzina@whitecase.com
       aoneill@whitecase.com
       rj.szuba@whitecase.com
       barrett.lingle@whitecase.com

*Counsel to the Debtors and
Debtors in Possession*

**Certificate of Service**

    I certify that on July 19, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  /s/ *Charles R. Koster*
                                                  Charles R. Koster